LOTTINGER, Judge.
This is a suit brought by petitioner J. Cecil Pittman to recover for personal injuries received when an automobile which he was driving collided with a gas truck. The defendants are Acy Jenkins, the driver of the gas truck, Aubrey E. Vining, Jenkins’ employer and Fidelity & Casualty Company of New York, the liability insurer of the gas truck. This matter was consolidated for trial with another suit filed by Dave L. Pearce, Commissioner of Agriculture and Immigration v. Aubrey E. Vining, d/b/a Vining Gas Company, and the Fidelity Casualty Company as defendants. The petitioner, Dave L. Pearce, in the second suit alleges to be the owner of the automobile which Pittman was driving, and the second suit was for recovery of property damages. The Lower Court rendered judgment for the defendants in both suits, and the petitioners in both suits have appealed.
The evidence discloses that the automobile driven by Pittman, and the gas truck driven by Jenkins collided at approximately 4:10 o’clock P.M. on February 6, 1961, at the “T” intersection of Highway 1054 and Forbes Road approximately one-half mile above Pine Creek in the Parish of Tangi-pahoa, Louisiana. Highway 1054 at this point is a blacktop road running through hilly terrain, the blacktop is for a width of 18 feet, with three feet gravel shoulders on each side. Forbes Road is a narrow farm road running off from the west of Highway 1054 and is of gravel construction. Highway 1054 runs generally north and south and approximately 150 feet north of the Forbes Road intersection there is a hill crest which hinders or greatly obscures vision for traffic approaching from either direction. At the time of the accident the weather was misty, or rainy and the road was wet.
Mr. Pittman testified that immediately prior to the accident he was driving his employer’s 1960 model light-colored Ford automobile in a southerly direction on Highway 1054 at an estimated speed of 45 to 50 miles per hour. He was in his right hand lane of traffic and testified that when he topped the hill crest some 150 feet above Forbes Road he saw the defendant’s truck *118 in the approaching lane suddenly make a left hand turn across his lane of trafile to enter Forbes Road. Petitioner testified that he was approximately half the distance from the hill crest to the “T” intersection when defendant made this sudden turn into his path of travel. According to the testimony of the witnesses, this would place the two vehicles approximately 75 feet apart when Jenkins made this alleged sudden turn. Mr. Pittman testified that he did not have time to do anything to attempt to avoid the accident, although he did attempt to apply his brakes, but they did not catch until after the impact. He testified that the impact was with the right front of his automobile and the right rear of the gas truck.
Acy Jenkins, the driver of the gas truck, testified that shortly prior to the accident he was proceeding in a northerly direction on Highway 1054, and planning to make a butane delivery at the home of a customer on Forbes Road. Upon approaching Forbes Road, he slowed down, checked traffic behind and ahead, and finding the way clear started to make his turn across the plaintiffs lane of traffic into Forbes Road. Jenkins testified that he was originally going at approximately 30 miles per hour, but that he slowed to eight or nine miles per hour prior to attempting the turn and that his directional turn indicator signifying a left turn was on and working. Mr. Jenkins stated that only the rear three feet of his truck was in the road at the time of the impact, and that the automobile driven by Pitman struck the rear portion of the gas truck.
The testimony of the parties ,to this suit are substantially the same with the exception of the location of the Pittman vehicle at the time that Jenkins turned his truck to the left in order to enter Forbes Road. Pittman estimates he first observed the danger when the truck was only some 40 feet from him, at which time it made the sudden left turn. Considering the speed of the truck, at some 8 or 9 miles per hour, and the speed of the Pittman automobile, at some 40 to 50 miles per hour, we feel sure-that this estimate is incorrect as if this were-so, the point of impact certainly would5 have been nearer the front of the truck..
Sargeant Aubrey Bethel of the State-Police investigated the accident. He arrived at the scene some forty minutes after the collision. He testified that the impact threw the rear of the defendant’s vehicle some 15 feet in a sideways direction and' turned the truck over. He also testified that the petitioner’s vehicle traveled some 20 feet after the point of impact. He-located the impact as between the right front of the automobile and the vicinity of the right rear wheel of the truck.
 We must certainly agree with the-Lower Court, at least in its holding that the-negligence of the petitioner did contribute-to the accident so as to bar any recovery by-petitioner in either of the suits. Inasmuch, as the defendants do not claim any damages,, it is not necessary that we pass upon the-question of negligence, if any, on the part of the driver of the gas truck. The evidence discloses that Cecil Pittman, the driver of the plaintiff’s vehicle, was familiar with the location of the accident and knew” of the “T” intersection being just a short-distance to the south of the hill crest. We-believe that, under the circumstances of the-rainy weather, and his speed of some 45 to-50 miles per hour, that the Lower Court was correct in holding him guilty of negligence which contributed to this accident. Because of his knowledge of this dangerous-intersection, we feel that he should have reduced his speed and exercised a closer lookout. The record as a whole leads us-to the conclusion that the gas truck commenced its turn prior to the Pittman vehicle coming over the crest of the hill. Had’ Pittman been exercising a closer lookout, he could have applied his brakes in an attempt to avoid the accident, and attempt to-turn his car to the left so as to pass around’ the rear end of the truck which protruded' only a few feet into the blacktop at the-moment of impact.
*119 For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.
'ELLIS, J., recused.